WILLIAM LYNCH AND ANNA LYNCH, PLAINTIFFS, v. LAWRENCE WEBBER, DEFENDANT.

Decided February 27, 1923.

**Negligence—Automobile—Measure of Damages According to Evidence.**

On rule to show cause.

Before Justices KALISCH, BLACK and KATZENBACH.

For the rule, *Edmund A. Hayes.*

*Contra, Robert H. Doherty.*

PER CURIAM.

The plaintiff, Anna Lynch, a minor, by her next friend, her father, brought an action against the defendant for damages sustained by her, resulting from an injury inflicted upon her through the negligent operation by the defendant of an automobile on the Hudson boulevard. The father, William Lynch, joined in the action to recover for loss of service, medicines and medical attention. The jury found a verdict of $3,000 in favor of Anna Lynch and a verdict of $1,800 for her father. The only ground relied on for setting aside these verdicts is the allegation that they are excessive.

According to the testimony, Anna was injured on September 2d, 1921, and on May 24th, 1922, at the time of her trial, she was eighteen years of age, and was still suffering from the injury sustained by her. The character of the injury was a compound, comminuted fracture of the lower leg with considerable displacement of the bone fragments. She was still suffering from the wound, the opening of which was still there and through which little pieces of bone have been exfoliated from time to time; that the probabilities were fairly good of the wound closing but no time when was set. She was in Christ hospital for four months. She was a telephone operator at the time of her injury, earning $18 a

week. The father paid $300 to Christ hospital and $150 to Dr. Bogardus and $20 for X-ray plates, and lost the services of his daughter, to whose wage he was entitled, and there was a probability at the time of the trial that there would yet some time elapse before a complete healing would take place, from which circumstances a fair inference would be further suffering by the daughter, and a further loss of her earnings, and further expenditures to effect a cure.

But even if the verdicts be regarded as higher than they should have been, we cannot say that they are so excessive as to shock the conscience or evince that they were the result of mistake, partiality, passion or prejudice.

Rule discharged, with costs.